ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)    PAGE 1

**FILED**

AUG 13 2015

DAVID CREWS, CLERK
BY_____ Deputy

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

Joey Montrell Chandler
**Plaintiff**

v.

CASE NO. 4:15CV102-DMB-DAS

Wexford Health & MDOC
**Defendant**

**PRISONER'S COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT**

1. The Plaintiff's full legal name, the name under which the Plaintiff was sentenced, the Plaintiff's inmate identification number, the Plaintiff's mailing address, and the Plaintiff's place of confinement are as follows:

   A. Legal name: Joey Montrell Chandler

   B. Name under which sentenced: Joey Montrell Chandler

   C. Inmate identification number: 109052

   D. Plaintiff's mailing address (street or post office box number, city, state, ZIP): P.o. Box 1057, Parchman MS 38738

   E. Place of confinement: Miss State Penitentiary

2. Plaintiff names the following person(s) as the Defendant(s) in this civil action:

   Name: Dr. Juan Santos

   Title (Superintendent, Sheriff, etc.): Doctor

   Defendant's mailing address (street or post office box number, city, state, ZIP): Mississippi State Penitentiary Parchman, MS 38738

   Name: Dr. Paul, Madubuonwu

   Title: Doctor

   address: MSP, Parchman, Ms 38738

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)                    PAGE 2

Name: *Marshall Fisher*

Title (Superintendent, Sheriff, etc.): *Commissioner*

Defendant's mailing address (street or post office. box number, city, state, ZIP) *633 N. State St. Jackson, MS 39202*

Name: *Dr. Gloria Perry*

Title (Superintendent, Sheriff, etc.): *Chief Medical officer*

Defendant's mailing address (street or post office box number, city, state, ZIP) *633 N. State St. Jackson, MS 39202*

Name: *Dr. Brown*

Title (Superintendent, Sheriff, etc.): *Doctor*

Defendant's mailing address (street or post office box number, city, state, ZIP) *MSP Parchman, MS 38738*

(If additional Defendants are named, provide on separate sheets of paper the complete name, title, and address information for each. Clearly label each additional sheet as being a continuation of Question 2).

3.  Have you commenced other lawsuits in any other court, state or federal, dealing with or pertaining to the same facts that you allege in this lawsuit or otherwise relating to your imprisonment?  ☐ Yes   ☑ No

4.  If you checked "Yes" in Question 3, describe each lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuit(s) on separate sheets of paper; clearly label each additional sheet as being a continuation of Question 4.

    A. Parties to the lawsuit:

       Plaintiff(s): _____

       Defendant(s): _____

    B. Court: _____  C. Docket No.: _____

    D. Judge's Name: _____  E. Date suit filed: _____

    F. Date decided: _____  G. Result (affirmed, reversed, etc.): _____

5.  Is there a prisoner grievance procedure or system in the place of your confinement?  ☑ Yes   ☐ No

6.  If "Yes," did you present to the grievance system the same facts and issues you allege in this complaint? (See question 9, below).  ☑ Yes   ☐ No

7.  If you checked "Yes" in Question 6, answer the following questions:

A. Does the grievance system place a limit on the time within which a grievance must be presented? ☑ Yes ☐ No

B. If you answered "Yes," did you file or present your grievance within the time limit allowed? ☑ Yes ☐ No

C. The court must find that you exhausted the prison's grievance system and administrative remedies before it can consider this Complaint. State everything you did to present your grievance(s). Be specific. Include the date(s) on which you filed or presented your grievances to prison officers; identify the officer(s). State your claim(s) exactly.

5-13-14 I receive response from initial ARP hip, back & costochondritis, in this ARP Dr. suggested I had psycho-somatic issue. I sought second opinion & did not seek judicial review, until 2nd opinion concluded I did have dysfunction of SI joint. 2-23-15/3-2-15 I file another ARP requesting to see specialist b/c pain had worsen & became cripple during each flare up of the dysfunction. I receive final response 97 days later which put defendant in violation of their policy to respond in 45 days to ARP. This also prolong my pain. On July 28-2015 I sought judicial review. This court receive my claim on 8/5/15 and return my claim with Form P3 which I did as instructed, by court clerk. 4/7/15 tonsil ARP was filed.

D. State specifically what official response your grievance received. If the prison provides an administrative review of the decision on your grievance, state whether you applied for that review and what the result was.

I did apply for such ARP review, by sick call request & ARP request to see a specialist for SI joint dysfunction. I complain that Doctor gave Ibuprofen for pain when medical record showed it cause me stomach pain & nausea. The MD Paul responded confirming I had SI joint dysfunction, but would need to be referred to see specialist. On are about 4/14/15 Dr. Lehman diagnosed me with a bacteria growth inside mouth near location of tonsil where white creamy & bloody bacteria drain from daily causing fecal leakage during sleep, lost of balance, anal itch from diarrhea, dizziness. Dr. Lehman request ENT offsite visit to Wexford which decline to do so which left me to suffer this gross condition & its pain.

> **Special Note:** Attach to this Complaint as exhibits complete copies of all requests you made for administrative relief through the grievance system, all responses to your requests or grievances, all administrative appeals you made, all responses to your appeals, and all receipts for documents that you have.

8. If you checked "No" in Question 6, explain why you did not use the grievance procedures or system:

9. Write below, as briefly as possible, the facts of your case. Describe how each Defendant is involved. Write the names of all other persons involved. Include dates and precise places of events. Do not give any legal argument or cite any legal authority. If you have more than one claim to present, number each claim in a separate paragraph. Attach additional pages only if necessary; label attached pages as being continuations of Question 9.

1) 5/28/15. Deputy Jerry William mail ARP from Plaintiff concern delay in ARP process & the Serious harm I'm dealing with awaiting seeing Specialist. Concerning tonsil bacteria. 1-1-15 Commissioner Marshall Fisher fail to make sure his Administration follow policy in Serious medical needs. 11-23-10 to 8-10-15 and ongoing Dr. Santos, Dr. Paul, Dr. Gloria Perry, Dr. Brown, Dr. cabe, Dr. Hochburg, were deliberately & in reckless disregard of the Plaintiff's health, safety and rights to pain cause by Sciatica/SI Joint dysfunction.

2) 3-31-15 and ongoing Dr. Lehman, Dr. Paul, Dr. Santos, Deputy Jerry Williams all knew of suffering of fecal leakage, diarrhea that was constant for months causing Anal intch, dizziness, lost of balance & pain cause by what Medical Doctor diagnosed as bacteria growth all Defendants fail to see that Plaintiff got immediate Specialist help even after multiple request.

Plaintiff Name the following person as the Defendants in this civil action:

Name

Title

address

Wexford Health

, Service Provider, Prison in Mississippi

425 holiday Drive , Foster Plaza 2 / Po Bo 16268

Pittsburgh, PA 15242

Name

Title

address

Christopher FPPS

Retire MDOC commissioner

511 Shalom Way Flawood, MS 39232

Name

Title

address

Dr. Lorenzo cabe

former MDOC Doctor

12 E Brunswick St. Byhalia, MS 38611

Name

Title

address

Dr. John Hochburg

Former Doctor

Unknown

Name

Title

address

: Jerry William

Deputy commissioner of

633 N. State St. Jackson, MS 39202

Name

Title

address

Dr Lehman

Former Doctor

Unknown

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)                    PAGE 5

10.  State briefly exactly what you want the court to do for you. Do not make legal arguments. Do not cite legal authority.

Plaintiff request that this Court order Prison Medical Provider to provide offsite visits to Specialist immediately as promise for tonsil bacteria growth. To also order immediate specialist visit for SI Joint dysfunction which has worsen do to delay in treatment. This delay has caused Crippling & the damage could cause plaintiff to soon be paralyzed which earlier treatment would have prevented. A Specialized Physician would have found undedying problem to prevent damage of cripplingly results which will harm Plaintiff for remainder of life in working and enjoy life with family. Plaintiff ask that this court order Compensatory and punitive damages of $10,000,000 (ten million dollars), Costs and attorney fees, and award all other proper relief required by laws & Constitution of the United States.

This Complaint was executed at (location):    Miss State Penitentiary

and I declare or certify or verify or state under penalty of perjury that this Complaint is true and correct.

Date:  August 11 2015

_Joey Chandler_
Plaintiff's Signature

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## MSP-15-490
## SECOND STEP RESPONSE FORM

You must respond to the Inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #: **Joey Chandler**
          Unit: **30C**

FROM:        **Paul Madubuonwu**
Title:          **Medical Director**

---

You were diagnosed with SI Joint dysfunction. You were given Mobic for pain instead of Ibuprofen due to nausea. In order to see a specialist, you will have to be referred by a medical provider.

_____        _____
          Signature                                    6/2/15    Date

---

The above named inmate has fulfilled the requirements of the Administrative Remedy Program and is eligible to seek judicial review within 30 days of receipt of the Second Step Response.

Joey Chandler          109052          7-14-15
Inmate's Signature          DOC #          Date

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## MSP-15-655
## SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #: Joey Chandler #109052
          Unit: **30 C**

FROM:         **Paul Madubuonwu**
Title:         **Medical Director**

RECEIVED

AUG 5 - 2015

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

---

You were examined by Dr. Santos on June 2, 2015, and he recommended surgical consult.

_____ Signature             7-7-2015 / Date

---

The above named inmate has fulfilled the requirements of the Administrative Remedy Program and is eligible to seek judicial review within 30 days of receipt of the Second Step Response.

_____      109052        7-9-15
Inmate's Signature          DOC #              Date

## IN THRE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISISIPPI
## GREENVILLE DIVISION

**JOEY MONTRELL CHANDLER**                                    **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO.** _____

**MISSISSIPPI DEPARTMENT OF CORRECTIONS,** former          **DEFENDANTS**
**COMMISSIONER CHRISTOPHER EPPS,** Current Commissioner Marshall Fisher
**DR. LORENZO CABE /** Madubuonwu Paul, Dr Lehman, Deputy Jerry Williams
**DR. PERRY /** Dr. Brown. Dr. John Hochburg, Dr. Santos
**JANE/JOHN DOES**
**LIABILITY INSURERS**

---

## CIVIL COMPLAINT

---

This is a civil complaint alleging medical malpractice and a violation of the Eighth and Fourteenth Amendments of the United States Constitution. Compensatory and punitive damages are sought against the Defendants named above and involved in the medical malpractice and constitutional violations. TRIAL BY JURY IS DEMANDED.

### JURISDICTION

This Court has jurisdiction under Title 42 U.S.C. Section 1983 and Title 28 U.S.C. Sections 1331, 1332(a), 1343, and 1367.

### VENUE

Venue is proper under Title 28 U.S.C. Section 1391(b)(2), in that the cause of action arises in the Northern District of Mississippi, Greenville Division.

## PARTIES

The Plaintiff is an adult domiciled in the State of Mississippi, a resident prisoner of the Mississippi State Penitentiary (MSP), located in Parchman, Mississippi.

The Defendants are adult domiciled in the State of Mississippi, and for all times material to this complaint were employees of the State of Mississippi's Department of Corrections (MDOC), who were responsible for ensuring the providing of medical care for the prisoners housed and confined in the MSP located in Parchman, Mississippi.

## FACTS

1.

The Plaintiff is/was incarcerated in the MDOC prison system since the year of 2005.

2.

The Plaintiff is/was housed and confined in the MSP at all times material to this complaint.

3.

While confined in the MSP, the Plaintiff sought medical attention and treatment from the Defendants upon making medical complaints of severe, acute, chronic pain that radiate through his body, legs and/or back. On or about 3-13-15 Plaintiff begun having a white like drainage in area where Defendants alleged to have removed tonsil. As a result Plaintiff begun having fainting spells, constant dizziness, diarrea, lost of appetite & low blood pressure. Defendants diagnosed with bacteria growth & failed immediate ENT visit.

4.

The Plaintiff complained that his pain was so severe that it made it extremely difficult for him to walk, move, get in and out of bed, dress himself, and sleep.

5.

The Plaintiff's above-mentioned medical problem caused him to have to rely on the help of concerned fellow prisoners in moving to and from the bed, bathroom, ect., in getting dressed, and in helping him perform the daily routines of prison life.

6.

While in MSP, the Plaintiff was diagnosed with Sciatica, and was given ibuprofen for the pain. Plaintiff was also diagnose with Costochondritis Which Defedants fail to treat with Proper Meds

7.

The Plaintiff complained that the ibuprofen did not abate his pain and caused him to have stomach problems and/or upset stomach, which resulted in the Plaintiff being prescribed some form of tylenol.

8.

The Plaintiff complained that the tylenol was not effective and/or was not alleviating the pain from which he suffered. Which resulted in Plaintiff being prescribed (mobic) Meloxicam which did not alleviate the pain, Which resulted in Prescription (Deltasone) Prednisone Which did not alleviate the pain

8a.

Despite the other available standards of care and/or many other

medications available in treating Sciatica pain and suffering, the Defendants refused to provide the Plaintiff any other medications than those listed above and/or than those given to him, which he, the Plaintiff, made known to the Defendants were not effective to abate/alleviate his Sciatica pain and suffering.

### 9.

The Defendants refused to provide the Plaintiff any medications which would abate and/or alleviate the severe pain from which he suffered.

### 10.

The Defendants refused to provide the Plaintiff with access to a neurologist, chiropractor, or other health care provider qualified to treat his Sciatica pain and suffering, although one was required and/or medically necessary. Plaintiff wife email MDOC commissioner in 2013 requested that Plaintiff be refer to Specialist. On August 2, 2013 Plaintiff was given MRI which was inconclusive.

### 11.

The Defendants failed to provide the Plaintiff an outside neurologist, chiropractor, other health-care provider, or medication which would abate and alleviate his severe Sciatica pain and suffering, because of their, the Defendant's costs concerns and/or because such would be too expensive.

### 12.

The Defendants had recommended that the Plaintiff receive outside treatment for the Plaintiff's Sciatica pain and suffering, but the Defendants unnecessarily delayed and/or refused this outside treatment.

Sometime in 2013-2014 a newly hired prison Dr. David Levine examined Plaintiff. Dr. Levine diagnose Plaintiff with Sacroiliac Joint dysfunction. Dr. Levine perform Manual manipulation which alleviate pain for less than a week. On 10-22-14 Physical Therapist Halley Drew perform Same manipulation to Worth.

## 12a.

The Defendants referred the Plaintiff to a physical therapist for him to evaluate the Plaintiff's condition and prescribe exercise to relieve the Plaintiff's pain and suffering at a time in which the Plaintiff had never been given any medication to abate or alleviate his severe, chronic Sciatica pain and suffering.

## 12b.

The Defendants' requirement that the Plaintiff engage in physical therapy and exercise, prior to being given medication to abate/alleviate his severe, chronic Sciatica pain and suffering, was below the standards of care and the equivalent of requiring a patient with a broken foot to run a foot race.

## 13.

The Defendants unnecessary delay and/or refusal of the adequate standard of care for the Plaintiff's Sciatica pain and suffering was based on cost concerns. The delay in ENT visit was Drs failure to follow up on plaintiff As a result Plaintiff developed sepsis & swollen lymph nodes.

## 13a.

Defendant Epps has a policy, custom, routine habit, or practice of denying MDOC/MSP prisoners necessary medical care based solely upon cost concerns at the price of knowingly causing said prisoners to endure unnecessary pain and suffering.

## 14.

The Defendants have a custom, routine habit or practice of refusing to

provide MDOC prisoners with adequate, necessary, standard medical care due to cost concerns, resulting in a culture of prisoners, which included the Plaintiff, being forced to endure unnecessary pain and suffering.

15.

The Defendants' delay and/or refusal to provide the Plaintiff the standard of care necessary to treat his Sciatica pain and suffering caused extended pain and suffering and exacerbated the damage to his sciatic nerve.

16.

But for the Plaintiff confinement in MDOC/MSP, the Plaintiff would have visited a medical doctor qualified to treat Sciatica pain and suffering and would have received the medication and standard medical care that would have abated and alleviated the pain and suffering caused by his Sciatica.

17.

The Defendants were at all times relevant to this complaint responsible for ensuring and providing the standard medical care necessary to abate and alleviate the pain and suffering caused by Sciatica.

18.

The Defendants owed the Plaintiff a duty to provide the Plaintiff standard medical care necessary to abate and alleviate the pain and suffering caused by Sciatica/and J.SI Joint dysfunction.

19.

Under the above facts, the Defendants breached the duty owed the Plaintiff as set forth in Paragraph 18 above.

20.

Under the above facts, the Plaintiff suffered from an objectively serious medical condition, and the Defendants were deliberately indifferent to that condition and/or deliberately indifferent to the Plaintiff's health and safety.

21.

Under the above facts, the Defendants realized that a substantial risk of serious harm and pain from Sciatica to the Plaintiff existed, and knew of the standards of medical care which would abate or alleviate this serious harm and pain, but the Defendants disregarded that risk and failed to provide the Plaintiff the standards of medical care which would abate and alleviate the serious pain and suffering Sciatica causes.

22.

Under the above facts, the Defendants deliberately and in reckless disregard of the Plaintiff's health, safety, and rights, refused to provide the Plaintiff the standard level of medical care for treatment of severe Sciatica pain and suffering.

23.

Under the above facts, the Defendants actions or inactions were under

the color of law.

24.

Under the above facts, the Defendants actions or inactions were reckless and callously indifferent to the Plaintiff's state and federally protected rights.

25.

The Defendants are sued in both their individual and official capacities.

26.

Under the above facts, the Defendants' conduct deprived the Plaintiff of his rights to Equal Treatment under the Fourteenth Amendment of the United States Constitution, and subjected the Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

WHEREFORE, the Plaintiff request that this Court assume jurisdiction over this cause, grant him compensatory and punitive damages, costs and attorney fees, and award all other proper relief required by the Laws and Constitution of the United States.

_Joey Chandler_
JOEY CHANDLER

SWORN TO AND SUBSCRIBED BEFORE ME, this the _28_ day of

_July_____, _2015_.

_Margaret Gibson_
NOTARY PUBLIC

P.O Box 1057
PARCHMAN, MS 38738

RECEIVED
AUG 1 3 2015
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

RECEIVED
AUG 1 3 2015
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

US POSTAGE PITNEY BOWES
ZIP 38738 $ 001.86[0]
02 1W
0001376701 AUG 12 2015

STATE POSTAGE PAID
INMATE LEGAL MAIL
MISSISSIPPI STATE PENITENTIARY
PARCHMAN, MS 38738
THE ENCLOSED LETTER HAS NEITHER BEEN OPENED NOR INSPECTED. IF THE WRITER ENCLOSES ANY MATERIAL NOT PERTAINING TO LEGAL BUSINESS, OR ENCLOSES CORRESPONDENCE FOR FOWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS

MISSISSIPPI STATE PENITENTIARY
INMATE LEGAL ASSISTANCE PROGRAM
POST OFFICE BOX 10
PARCHMAN, MS 38738

Pro Se Law Clerk