**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JOEY MONTRELL CHANDLER**                                                    **PLAINTIFF**

**v.**                                                                **No. 4:15CV102-DMB-DAS**

**WEXFORD HEALTH, ET AL.**                                                **DEFENDANTS**

**Order Extending the Plaintiff's Deadline to Respond
to the Defendants' Motion [45] for Summary Judgment**

Before the court is defendant's motion [45] for summary judgment.    The plaintiff would

normally have fourteen (14) days after service of defendants' motion to submit a response.    Fed.

R. Civ. P. 56.    However, because the plaintiff is proceeding without the assistance of counsel, the

court holds that he should be allowed twenty-one (21) days from the date of this order to file his

response and opposing evidence in accordance with the directives set out below.

**Summary Judgment Procedure and Proof**

Because plaintiff is proceeding *pro se* in this action, a brief explanation regarding summary

judgment motions is in order.[1]    Motions for summary judgment are authorized by Fed. R. Civ. P.

56.    These motions permit the court to resolve lawsuits without the necessity of trials if there is no

genuine dispute as to any facts which are material and if the moving party [here, the defendants] is

entitled to judgment as a matter of law.

Rule 56 provides, in part:

> When a motion for summary judgment is made and supported as provided in this
> rule, an adverse party may not rest upon the mere allegations of denials of the
> adverse party's pleading, but the adverse party's response, by affidavits or as
> otherwise provided in this rule, must set forth specific facts showing that there is a

---

[1] A district court may grant summary judgment *sua sponte*, provided that the losing party
is afforded proper notice and an opportunity to submit documents opposing summary judgment.
*See Atkins v. Salazar*, 677 F.3d 667, 679 (5th Cir. 2011).

genuine issue for trial.   If the adverse party does not so respond, summary
judgment, if appropriate, shall be entered against the adverse party.

Thus, when a defendant files a motion for summary judgment which is accompanied by proper

supporting evidence, the court may grant the motion if the opposing party [here, the plaintiff]

fails to present evidence which contradicts it.   Summary judgment is proper "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,

show there is no genuine issue as to any material fact and that the [defendants are] entitled to

judgment as a matter of law."[2]

In the usual case, the defendant who seeks summary judgment must show by affidavit or

other evidentiary materials that there is no genuine dispute as to any fact material to decision of the

motion.[3]   In order for the court to find there are no genuine material factual issues, the court must

be satisfied that no reasonable trier of fact could have found for the plaintiff or, in other words, that

the evidence favoring the plaintiff is not sufficient to allow a reasonable jury to return a verdict for

him.[4]   To satisfy this burden, the defendant must either submit evidentiary documents that

establish that plaintiff cannot prove a material element of his claim, or, if the crucial issue is one

for which the plaintiff will bear the burden of proof at trial, point out that the evidentiary

documents in the record do not contain sufficient proof of an essential element of the plaintiff=s

[2]Fed. R. Civ. P. 56(c); *see Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 853 (2009); *Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992).   "Material facts" are facts that "will affect the outcome of the suit under governing law."   *Colston v. Barnhart*, 146 F.3d 282, 283 (5th Cir. 1998).

[3]*See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

[4]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), *Chaplin v. NationsCredit Corp.*, 307 F.3d 368 (5th Cir. 2002)

claim.[5]

Once the defendant has carried that burden, however, the burden shifts to the plaintiff to show that summary judgment is not appropriate.[6]  The plaintiff cannot discharge this burden by referring to the mere allegations or denials of the defendant's pleadings; rather, he must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists.[7]  If the defendants' motion is supported by evidence, the plaintiff cannot discharge his burden by alleging mere legal conclusions; instead, he must present affirmative evidence in order to defeat a properly supported motion for summary judgment.[8]  If he is unable to present affirmative evidence with his response to the motion, plaintiff must explain the reasons for his inability.[9]

Where the plaintiff has the burden of proof on an essential element of his case at trial and does not, after adequate time for discovery, make a showing sufficient to establish the existence of that element, summary judgment may be entered against him.[10]  However, Rule 56 does not require that discovery take place before the court may grant a summary judgment.[11]  To be

---

[5]*See Celotex*, 477 U.S. at 325; *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992).

[6]*See Little*, 952 F.2d at 847; *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991).

[7]*See Celotex*, 477 U.S. at 324; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991); Fed. R. Civ. P. 56(e).

[8]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248-55.

[9]  *See Cormier v. Pennzoil*, 969 F.2d 1559, 1561 (5th Cir. 1992).

[10]*Celotex*, 477 U.S. at 322-24.

[11]*See Cormier*, 969 F.2d at 1561; *Rosas v. U.S. Small Business Administration*, 964 F.2d 351, 359 (5th Cir. 1992).

entitled to discovery before a ruling on a motion for summary judgment, the plaintiff must

demonstrate how additional time and discovery will enable him to rebut the movant's allegation

that no genuine issue of material fact exists.[12]

When summary judgment is inappropriate because supporting or opposing materials are

improper, a district court has the discretion to call upon the parties to remedy defects by

supplementing affidavits or otherwise.[13]   Although *pro se* plaintiffs are not held to the same

standards of compliance with formal or technical pleading rules applied to attorneys, the Fifth

Circuit Court of Appeals has never allowed *pro se* plaintiffs to oppose summary judgments by the

use of unsworn materials.[14]   Unsworn pleadings do not satisfy Rule 56(e)'s requirements for

summary judgment proof.[15]   In order for verified pleadings to constitute proper summary

judgment proof, they must conform to the requirements of affidavits, that is, they must establish

that the person making the affidavit is competent to testify to the matters in question, they must

show that the facts stated in the affidavit are based upon his personal knowledge, and they must

contain a clear description of factual information that would be admissible at trial, not mere

---

[12]*See Cormier*, 969 F.2d at 1561; *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991), cert denied, 502 U.S. 1059, 112 S. Ct. 936, 117 L. Ed. 2d 107 (1992) (nonmoving party must show how additional discovery will defeat summary judgment motion, *i.e.*, create genuine dispute as to material fact and that nonmoving party must show that he has diligently pursued discovery of evidence in question).

[13]*Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981); *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980).

[14]*Id.*

[15]*See Dorsett v. Board of Trustees for State Colleges and Universities*, 940 F.2d 121, 123 (5th Cir. 1991); *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980).

unsupported conclusions.[16]   The Fifth Circuit has repeatedly rejected efforts to oppose summary judgment with improper documents.[17]

In order to constitute proper summary judgment proof, affidavits must affirmatively show the person who signs the affidavit is competent to testify as to the matters in the affidavit and that the facts stated in the affidavit are based on his personal knowledge.[18]   The court advises the plaintiff that an affidavit must be either properly notarized or make the declaration contained in 28 U.S.C. § 1746 in order to constitute proper summary judgment evidence.[19]

---

[16]*See Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Cormier*, 969 F.2d at 1561 (court may not consider hearsay contained in affidavit when ruling on summary judgment motion); *Hanks v. Transcontinental Gas Pipe Line Co.*, 953 F.2d at 997; *Lechuga v. Southern Pacific Transportation Company*, 949 F.2d 790, 794 (5th Cir. 1992); *Orthopedic & Sports Injury Clinic v. Wang*, 922 F.2d 220, 225 (5th Cir. 1991) (unsupported affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat motion for summary judgment); *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 194 (5th Cir.), cert. denied, 488 U.S. 926, 119 S. Ct. 310, 102 L. Ed. 2d 329 (1988); *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1987).

[17]*See Martin v. John W. Stone Oil Distributor, Inc.*, 819 F.2d 547, 549 (5th Cir. 1987), (holding that a district court may not consider either hearsay evidence in affidavits or unsworn documents in a summary judgment proceeding).

[18]*See Isquith v. Middle South Utilities, Inc.*, 847 F.2d at 194; *Lodge Hall Music*, 831 F.2d at 80 (Rule 56(e) requires that summary judgment affidavits be based upon personal knowledge, contain admissible evidence, and affirmatively demonstrate competency of affiant to testify as to matters contained therein).

[19]This means that plaintiff can still provide the Court with affidavits that are proper summary judgment proof, as long as the affidavits contain the following language directly above the signature line: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.   Executed on (date)."   *See* 28 U.S.C. § 1746(2).

It is, therefore, **ORDERED:**

That plaintiff is granted twenty-one (21) days from the date of this order to file his response and proper summary judgment evidence in opposition to defendants' motion for summary judgment.

**SO ORDERED**, this, the 14th day of June, 2018.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE